**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**OMOTUNDE EWUOSO**,<br><br>DEBTOR. | CHAPTER 7<br>CASE NO. 19-BK-19877<br><br>HON. CAROL A. DOYLE |
| **PATRICK S. LAYNG**,<br>**UNITED STATES TRUSTEE**,<br><br>PLAINTIFF,<br><br>V.<br><br>**ADENIYI ANTHONY EGBOWON**,<br><br>DEFENDANT. | ADV. NO. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT; IMPOSITION OF FINES;**
**AND FOR INJUNCTIVE RELIEF AGAINST ADENIYI ANTHONY EGBOWON**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "*U.S. Trustee*" or the "*Plaintiff*"), by and through his attorney, David Paul Holtkamp, hereby requests that the Court enter a judgment (1) determining that Adeniyi Anthony Egbowon (the "*Defendant*") has continually violated 11 U.S.C. § 110; (2) imposing fines upon the Defendant in the sum of $3,500 for multiple violations of 11 U.S.C. § 110; and (3) permanently barring the Defendant from acting as a bankruptcy petition preparer for cases filed under Title 11 of the United States Code in the Bankruptcy Court for the Northern District of Illinois. As and for his complaint, the U.S. Trustee respectfully states to the Court as follows:

─ 1 ─

## PARTIES

1. Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases pursuant to 28 U.S.C. § 586. The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district.

2. Defendant is Adeniyi Anthony Egbowon. At all relevant times the Defendant has resided at 26431 Silverleaf Dr., Plainfield, IL 60585, within this district.

3. Defendant is a bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1); which states:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor, or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
>
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

## JURISDICTION

4. The underlying chapter 7 bankruptcy case was initiated by Omotunde Ewuoso (the "*Debtor*"), *pro se*, on July 16, 2019. That case remains pending.

5. This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. § 157 and IOP 15(a) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and in the event this is a non-core proceeding, the Plaintiff consents the to the entry of a final order by the bankruptcy court.

7. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8. The Plaintiff files this complaint pursuant to 11 U.S.C. § 110 and Fed. R. Bankr. P. 7001(7) and 7065.

9. The Plaintiff has standing to bring this complaint and ask for the relief requested therein pursuant to 11 U.S.C. §§ 307 and 110. Furthermore, 11 U.S.C. §§ 110(h)(4); (i)(1); and (l)(3) specifically authorize the Plaintiff to request disgorgement of fees, payment of damages, and assessment of statutory fines against a bankruptcy petition preparer. Section 110(j) of the Title 11 specifically vests in the Plaintiff the authority to bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of § 110 or from further acting as a bankruptcy petition preparer.

## BACKGROUND

**I. The Defendant's Continuing Illicit Bankruptcy Petition Preparing Business.**

10. The Defendant acted as a bankruptcy petition preparer in the underlying bankruptcy case, and in several other cases filed in this district, some as a disclosed bankruptcy petition preparer, and some as an undisclosed bankruptcy petition preparer.

11. The Defendant disclosed his role as a bankruptcy petition prepare in at least 5 cases, including the underlying case. Those cases include: (a) *In re Dada O Ebijimi* (15-bk-16029); (b) *In re Yvette Eugene* (15-bk-27635); (c) *In re Gbemisola Adeniji* (15-bk-29715); (d) *In re Olusegun Afolabi Olusuyi* (19-bk-04072); and (e) *In re Omotunde Evuoso* (19-bk-19877).

12. Defendant appears to have been an undisclosed bankruptcy petition preparer in the case of *In re Yvette Eugene* (15-bk-38076), but based on sworn testimony of the Defendant, there are several others.

13. In the case *In re Olusuyi* (19-bk-04072), Judge Hunt entered an order against the Defendant for violating 11 U.S.C. § 110, and imposing fines of $500 against him. A true and correct copy of that order is attached as **Exhibit A**.

14. The Defendant did not initially comply with that sanctions order, prompting Judge Hunt to issue a contempt order against the Defendant. A true and correct copy of that order is attached as **Exhibit B**.

15. The Defendant then complied with the order by paying the $500 fine in that case.

16. In the case *In re Eugene* (15-bk-38076), Judge Hollis entered an order imposing penalties on the Defendant of $3,500 ─ $2,000 of which was payable to the debtor in that case, $1,000 of which was payable to the chapter 13 trustee, and $500 of which was payable to the Plaintiff. A true and correct copy of that order is attached as **Exhibit C**.

17. The Defendant has not yet complied with that order.

18. The Defendant started his bankruptcy petition preparing business in or about 2014, after he filed his own chapter 7 bankruptcy case, case no. 14-bk-02217.

19. The Defendant initially purchased bankruptcy software known as BankruptcyPRO, which is designed for use by attorneys, to help him prepare his own petition. The Defendant, however, continued to maintain a BankruptcyPRO license to use that software afterwards to prepare bankruptcy petitions for other individuals for profit.

20. The Defendant used the BankruptcyPro software to prepare schedules and other documents for debtors that listed him as "Attorney for the Debtor(s)" in several cases. Those documents do not appear to have been filed in that form, but on information and belief, the Defendant provided those documents to the debtors incorrectly holding himself out as an attorney.

21. In at least one case, the Defendant prepared draft schedules and other documents that provided that he was not only the "Attorney for the Debtor(s)," but also provided "Mayfair-Capital Inc." as his law firm and listed a bar id number ─ 191639.

22. The Defendant is not an attorney in any state and does not have a bar id number.

23. The number that the Defendant listed as his bar id number was actually his Nationwide Mortgage and Licensing System number, or NMLS number.

24. The Defendant was a licensed mortgage loan originator in the state of Illinois before that license was revoked.

25. In 2015, the Illinois Department of Financial and Professional Regulation, Division of Banking (the "*IDFPR*"), issued an order revoking the Defendant's mortgage loan originator license. A true and correct copy of that order is attached as **Exhibit D**, and is also on IDFPR website, available at: https://www.idfpr.com/banks/resfin/discipline/LO2015/2015-MLO-02.pdf.

26. That order provides in the "Legal Conclusions" section the following (emphasis added):

> **EGBOWON [the Defendant] was involved in a fraudulent scheme** in which he convinced a consumer to write money orders to the Company and by misrepresenting that it was part of the process to obtain a loan when in fact EGBOWON was converting the money for his personal gain and also by closing and obtain the proceeds of a loan without the Company's knowledge and misleading the consumer and lender in violation of [the law].

27. The Defendant's mortgage originator's license was reinstated sometime thereafter, however, that did not last long.

28. The Defendant's mortgage originator's license was again revoked in 2017 by IDFPR order. A true and correct copy of that order is attached as **Exhibit E**, and available at: https://www.idfpr.com/banks/resfin/discipline/LO2017/Egbowon%20Revocation%202017%20.pdf.

29. That order provides in the "Legal Conclusions" section the following (emphasis added):

> Despite having entered into the Consent Order disciplining his MLO License EGBOWON [the Defendant] has committed more violations of Illinois licensing statutes under the jurisdiction of another Division within the Department. The Department concludes that **EGBOWON does not have the character, and general fitness** so as to command the confidence of the community and to warrant a determination that the mortgage loan originator will

   operate honestly, fairly, and efficiently within the purpose of this Act.

30. The Defendant's mortgage originator license remains revoked today due to his fraud, general lack of good charter and fitness, and his inability to operate honestly and fairly as determined by the State of Illinois.

31. The Defendant's NMLS number, therefore, is not a bar number, or any other type of valid license number.

32. Additionally, Mayfair-Capital is not a law firm. It is instead merely an Illinois corporation, where the Defendant is the registered agent and owner.

33. The Defendant sometimes uses Mayfair-Capital as the name of the business through which he runs his bankruptcy petition preparing business, as well as his tax preparation business.

34. On information and belief, the Debtor's company "Mayfair-Capital" is meant to look like Mayfair Capital Investment Management, a large U.K. investment management company that the Debtor has no affiliation with.

35. On the bankruptcy schedules and other documents that the Defendant drafted for several debtors provide that the address of Mayfair-Capital is 233 E. Erie Street, Ste. 713, Chicago, IL. The Defendant has not maintained any business at that address for several years and cannot receive service or mail there.

36. The Defendant caused bankruptcy documents to be filed that contained the 233 E. Erie St., address has his bankruptcy petition preparer address even when he did not maintain that address and could not receive mail or service there.

37. The Defendant caused bankruptcy documents to be filed that listed Mayfair-Capital's tax identification number where his social security number was required as the bankruptcy petition preparer.

## II. The Underlying Bankruptcy Case.

38. The Defendant has violated numerous subsections of § 110 of the Bankruptcy Code in the underlying bankruptcy case. The Defendant, among other things: (a) charged an excessive fee of over $1,000; (b) attempted to hide his compensation by having the Debtor pay a close relative instead of the Defendant directly, (c) under-disclosed his compensation under oath; (d) registered in the case as the Debtor's noticing agent; (e) failed to provide his social security number; (f) failed to provide a real address; and (g) provided significant legal and procedural advice.

39. Records from the Clerk's Office indicated that the Defendant came to the Clerk's Office at 219 S. Dearborn St., Chicago, IL 60604 on July 16, 2019, at which time he filed the Debtor's bankruptcy documents.

40. The Defendant disclosed himself as the bankruptcy petition preparer on page 7 of the petition (Official Form 101). *See* Bankr. Dkt. No. 1.

41. On information and belief, the Defendant used white-out or other manual means to remove "Mayfair-Capital Inc." from page 7 of the petition and put his name in its place before filing the petition, but after the petition was drafted.

42. On the "Declaration About an Individual Debtor's Schedules" (Official Form 106Dec), filed with the petition, the Defendant disclosed himself as the bankruptcy petition preparer.

43. The Defendant similarly listed himself as the bankruptcy petition preparer on the "Statement of Financial Affairs for Individuals Filing for Bankruptcy" (Official Form 107) filed with the petition.

44. On the "Disclosure of Compensation of Bankruptcy Petition Preparer" filed with the petition, the Defendant disclosed that he agreed to accept $200 in compensation for his services.

45. The Defendant charged more than $200 for his bankruptcy related services.

46. By text message dated April 18, 2019, the Defendant instructed the Debtor to "Send the payment to Ennyilawole@gmail.com $1000 for your bankruptcy and $250 for tax returns preparation." A true and correct copy of that text message is attached as **Exhibit F**.

47. The email address Ennyilawole@gmail.com and bank account linked to that email address belong to Eniola Omotoye Ilawole, the Defendant's cousin or close relative.

48. On information and belief, the Defendant instructed the Debtor to pay his cousin or relative instead of him directly because he did not want to disclose the compensation on the bankruptcy schedules.

49. The Debtor paid the Defendant $900 by check made out to the Eniola Omotoye Ilawole (the Defendant's cousin or relative) dated April 21, 2019. A true and correct copy of that check is attached as **Exhibit G**.

50. The Debtor paid the Defendant an additional $250 by electronic transfer on May 17, 2019. Electronic confirmation of that electronic transfer is attached as **Exhibit H**.

51. The Debtor then paid the Defendant another $200 by check made out to the Defendant directly on August 4, 2019. A true and correct copy of that check is attached as **Exhibit I**.

52. The Defendant testified during his 2004 examination that that he used the funds from the $200 check dated August 4, 2019, to pay the filing fee.

53. Only $100 of the filing fee has been paid. *See* Bankr. Dkt. No. 18.

54. The Debtor still owes $235 in filing fees in the underlying bankruptcy case and a court generated motion to dismiss the underlying bankruptcy for failure to pay filing fees remains pending.

55. The Chapter 7 trustee has filed a No Asset report in the underlying case, which would likely lead to a discharge if the filing fee were paid.

56. A "Debtor's Electronic Notice Request" was filed in this case to provide the Debtor with electronic notice of filings in the case. *See* Bankr. Dkt. No. 9. However, instead of providing that notices would be emailed to the Debtor directly, the email address of "AE@USA.com" was provided as the electronic noticing address for the Debtor.

57. AE@USA.com is the Defendant's email address, and not the Debtor's. Therefore, all notices of filings in the case went to the Defendant, and not the Debtor directly, as if the Defendant was acting as the Debtor's attorney.

58. On the "Disclosure of Compensation of Bankruptcy Petition Preparer" (Official Form B2800), the Defendant listed 46-1247378 where the form requires the Defendant's social security under 11 U.S.C. §§ 110(c)(1), 110(c)(2)(A).

59. The number the Defendant listed was not a social security number but was instead the taxpayer identification number of Mayfair-Capital.

60. Also, on Official Form 2800, the Defendant listed the address of 233 E Erie Street, Suite 713, Chicago, IL 60611 as his address. On the date that the disclosure was filed, and for several years before, the Defendant did not maintain that as this address and was not capable of receiving mail or service there.

61. The Defendant also advised the Debtor on bankruptcy procedures and rights, including:

   a. the requirement to attend a meeting of creditors under 11 U.S.C. § 341;

   b. the credit counseling requirement;

   c. the post-petition financial management course requirement.

62. The Defendant also provided the Defendant with significant legal advice in completing his schedules and statement of financial affairs, including advice on:

   a. the difference between secured and unsecured debt;

— 9 —

b. where to list the creditors on the schedules, and ultimately making that determination for the Debtor;

c. which exemptions could be used and provided the Illinois statutes for those exemptions;

d. the value of property to be listed;

e. whether he was legally married or not for the Statement of Financial Affairs;

f. whether the Debtor's debts were primarily consumer debts, and making that determination for the Debtor; and

g. whether to retain or surrender collateral secured by liens.

### COUNT I – FINES FOR VIOLATION OF 11 U.S.C. § 110(e)(2)

63. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraph 1 through 62.

64. Section 110(e)(2) of the Bankruptcy Code prohibits a bankruptcy petition preparer from offering any legal advice, including but not limited to, the characterization of the nature of the Debtor's interest in property (11 U.S.C. § 110(e)(2)(B)(vi)); characterization of the nature of the Debtor's debt (11 U.S.C. § 110(e)(2)(B)(vi)); and "bankruptcy procedures and right." (11 U.S.C. § 110(e)(2)(B)(vii)).

I. **The Defendant Provided Significant Procedural Advice.**

65. The Defendant provided advice as to bankruptcy procedure by instructing the Debtor to appear at the 341 meeting of creditors, and making the Debtor believe that he would appear at the meeting with him. The Defendant did not appear at the meeting with the Debtor, contrary to the Debtor's expectations. The Defendant's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B)(vii).

─ 10 ─

66. The Defendant provided advice as to bankruptcy procedure by instructing the Debtor to complete the credit counseling course, which the Debtor completed in the Defendant's presence. The certificate was then sent to the Defendant, which was then provided by the Defendant to the Debtor. The Defendant's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B)(vii).

67. The Defendant provided advice as to bankruptcy procedure by instructing the Debtor to complete the post-petition financial management course. The Defendant's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B)(vii).

## II.  The Defendant Provided Significant Substantive Legal Advice.

68. The Defendant obtained and used the Debtor's credit report to complete the schedules.

69. The Debtor did not give the Defendant instructions as to whether and where to list creditors and their claims on her schedules. Instead, the Defendant provided advice on the difference between secured and unsecured debts and ultimately decided where to put creditors on the schedules. The Defendant's conduct constitutes legal advice in violation of 11 U.S.C. § 110(e)(2)(A).

70. The Defendant unilaterally determining where creditors and their claims should be placed on Schedules D, E, and F. The Defendant's conduct constitutes legal advice on how to characterize the nature of the Debtor's debts in violation of 11 U.S.C. § 110(e)(2)(B)(vi).

71. The Defendant decided what exemptions to claim and provided the statute for the exemption. By unilaterally determining what exemption claims the Debtor should assert, gave legal advice in violation of 11 U.S.C. § 110(e)(2)(A).

72. The Defendant unilaterally determining the state median income for the Debtor's household and placing it on Official Form 122A (Means Test), assisted the Debtor in determining

her bankruptcy rights and eligibility to file for chapter 7 relief in violation of 11 U.S.C. § 110(e)(2)(B)(vii).

73. Pursuant to 11 U.S.C. § 110(l)(1), a court may fine a bankruptcy petition preparer up to $500.00 for each violation of subsections (b), (c), (e), (f), (g), or (h) of § 110.

74. In this case, the Defendant furnished legal advice to the Debtor at least seven separate occasions. Thus, this Court has the authority to impose a fine of up to $500 for each of these seven violations for a total of $3,500 in fines pursuant to § 110(l)(1) payable to the United States Trustee.

**WHEREFORE**, the U.S. Trustee respectfully asks the Court to enter a judgment against the Defendant:

  A. Declaring that the Defendant gave legal and procedural advice in violation of 11 U.S.C § 110(e)(2);

  B. Imposing a fine of $3,500 payable to the United States Trustee; and,

  C. Granting any other relief that the Court deems just and proper.

## COUNT II — FEE DISGORGEMENT TO THE DEBTOR

75. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraph 1 through 74.

76. Section 110(h)(2) provides, in pertinent part, that a bankruptcy petition preparer shall file a declaration disclosing "**any** fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor."

77. The Debtor provided copies of checks and bank statements showing that he paid more than the $200 the Defendant claimed on his disclosure of compensation. In total the Debtor paid the Defendant $1,350 ($900 by check, $250 by electronic deposit, and another $200 by check). The

Defendant failed to disclose the receipt of at least $1,150 from the Debtor in violation of 11 U.S.C. § 110(h)(2).

78. Section 110(h)(3)(B) provides that all fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

79. The Defendant violated 11 U.S.C. § 110(h)(2) by failing to disclose *all* fees received in connection with the Debtor's bankruptcy filing. Further, the Defendant violated 11 U.S.C. § 110(e)(2).

**WHEREFORE**, the U.S. Trustee respectfully asks the Court to enter a judgment against the Defendant ordering him to disgorge the entire $1,350 to the Debtor.

### COUNT III ─ INJUNCTIVE RELIEF PERMANETLY BARRING THE DEFENDANT FROM ACTIOIN AS A BANKRUPTCY PETITION PREPARER

80. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraph 1 through 79.

81. Section 110(j)(2)(B) provides that a court may permanently enjoin an individual from acting as a bankruptcy petition preparer if that individual has continually engaged in conduct violative of 11 U.S.C. § 110 or engaged in fraudulent, unfair, and deceptive conduct within the meaning of 11 U.S.C. § 110(j)(2)(A).

82. Based upon the conduct described in this complaint, the Defendant has continually violated 11 U.S.C. § 110. Again, the Defendant gave significant legal advice in violation of 11 U.S.C. § 110(e)(2). Further, the Defendant failed to disclose his entire fee in violation of 11 U.S.C. § 110(h)(2), and appears to have taken active steps to conceal his true compensation by routing it through a close relative. Lastly, the Bankruptcy Judges in the Northern District of Illinois have

entered multiple orders requiring disgorgement and assessing statutory fees against the Defendant for prior violations of 11 U.S.C. § 110.

83. In addition, the Defendant filed documents, some under penalty of perjury, in this bankruptcy case which contained false statements with regards to the fees received. As noted, the Defendant engaged in deceptive conduct when he declared that he only received $200.00.

84. The Defendant has also previously been found to have committed fraud or deceptive practices with respect to his mortgage originator business, and had his license revoked permanently because the State of Illinois found him to be of unfit character.

85. The Defendant has shown himself as an individual that continually preys on the most vulnerable members of society, not just in bankruptcy, but in other contexts as well.

86. Therefore, the Defendant should be barred permanently from acting as a bankruptcy petition preparer in the Northern District of Illinois pursuant to 11 U.S.C. § 110(j)(2)(B).

**WHEREFORE**, the U.S. Trustee respectfully asks the Court to enter a judgment against the Defendant:

    A.    Permanently enjoining the Defendant from acting as a bankruptcy petition preparer for cases filed under Title 11 of the United States Code; and;

    B.    Granting any further relief that the Court deems just and proper. Granting any other relief that the Court deems just and proper.

                                        Respectfully Submitted:

                                        **PATRICK S. LAYNG**,
                                        **UNITED STATES TRUSTEE**,

                                        By: _David Paul Holtkamp_
Dated: January 30, 2020          David Paul Holtkamp
                                        U.S. Department of Justice
                                        Office of the United States Trustee
                                        219 S. Dearborn, Room 873
                                        Chicago, Illinois 60604
                                        (312) 886-3320